# E-filing

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  HENDERSON        DEMORA
     (Last)     (First)     (Initial)

Prisoner Number  G-21923

Institutional Address  CSP-SAC/P.O. BOX 290066/REPRESA,CA.95671

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Demora Henderson
(Enter the full name of plaintiff in this action.)

vs.

TIM V.VIRGA(WARDEN)

_____

_____

_____

(Enter the full name of respondent(s) or jailor in this action)

**CV 10 4693**

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT
OF HABEAS CORPUS**

**CW**

**(PR)**

---

### Read Comments Carefully Before Filling In

#### When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located.  If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SAN FRANCISCO SUPERIOR COURT    SAN FRANCISCO,CALIFORNIA

Court                            Location

(b) Case number, if known __220649__

(c) Date and terms of sentence __JUNE 2,2008__

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes __X__    No ____

Where?

Name of Institution: CALIFORNIA STATE PRISON-SACRAMENTO

Address: P.O. BOX 290066,REPRTSA, CALIF.95671

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)
FIRST DEGREE MURDER/CALIFORNIA PENAL CODE SECTION §187

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                          Yes _X_      No ____

    Preliminary Hearing:              Yes _X_      No ____

    Motion to Suppress:             Yes _X_      No ____

4. How did you plead?

    Guilty ____      Not Guilty _X_    Nolo Contendere ____

    Any other plea (specify) PETITIONER ATTORNEY HARBORED A DOUBT AS TO PETITIONER'S COMPETENCY TO STAND TRIAL.

5. If you went to trial, what kind of trial did you have?

    Jury _X_      Judge alone____    Judge alone on a transcript ____

6. Did you testify at your trial?           Yes ____      No _X_

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes _X_      No ____

    (b)    Preliminary hearing     Yes _X_      No ____

    (c)    Time of plea           Yes ____      No ____

    (d)    Trial                 Yes _X_      No ____

    (e)    Sentencing            Yes _X_      No ____

    (f)    Appeal               Yes _X_      No ____

    (g)    Other post-conviction proceeding    Yes ____      No _X_

8. Did you appeal your conviction?        Yes _X_      No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes _X_      No ____

        Year: _2010_      Result: STILL PENDING

        Supreme Court of California      Yes ____      No ____

        Year: ____      Result:____

        Any other court           Yes ____      No ____

        Year: ____      Result:____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS      - 3 -

petition?                                    Yes _____   No_____

(c)    Was there an opinion?                 Yes _____   No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                             Yes _____   No_____

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?          Yes $\underline{X}$   No_____

[Note:  If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition.  You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding.  Attach extra paper if you need more space.

        I.    Name of Court: __SAN FRANCISCO COUNTY SUPERIOR COURT__

              Type of Proceeding: _____

              Grounds raised (Be brief but specific):

              a._____

              b._____

              c._____

              d._____

              Result: _____ Date of Result:_____

        II.   Name of Court: _____

              Type of Proceeding: _____

              Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS              - 4 -

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

III.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

IV.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _X_   No____

Name and location of court: COURT OF APPEAL OF THE STATE OF CALIFORNIA FIRST APPELLATE DISTRICT DIVISION THREE.

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One:_____SEE  ATTACH_____

_____

Supporting Facts:_____SEE  ATTACH_____

_____

_____

_____

Claim Two:_____SEE  ATTACH_____

_____

Supporting Facts:_____SEE  ATTACH_____

_____

_____

_____

Claim Three:_____SEE  ATTACH_____

_____

Supporting Facts:_____SEE  ATTACH_____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

_____

_____

_____

PET. FOR WRIT OF HAB. CORPUS            - 6 -

CLAIM ON CONTINUE;
PETITIONER HAVE EXCLUDED FROM PARTICIPATING IN
EFFECTIVE ASSISTANCE OF COUNSEL BY THE COURT APPOINTED SAN FRANCI
PUBLIC DEFENDER'S OFFICIAL MEL SANTOS SBN#72513,WHILE FAILING TO
REQUEST TO THE COURT PETITIONER PARTICIPATE IN A ADEQUATE,FAIR
COMPETENCY HEARING IN DIRECT VIOLATION OF PETITIONER SIXTH
AMENDMENT CONSTITUTIONAL RIGHT,AND THE UNITED STATES OF AMERICA'S
POLICY OF THE AMERICANs WITH DISABILITY Act(THE ADA 42 U.S.C.
§12131, 12132, 12134 ET.,SEQ.,AND THE U.S. CONSTITUTION,ARTICLE
I. SECTION & 15 ,16 OF THE CALIFORNIA CONSTITUTION.


        Petitioner contend he is legally incompetent, and that
the City and County of San Francisco public Defende's office
**JEFF ADACHI mis**managed his assistance Chief ;Attorney **TERESA CAFFESE**
to Supervise **MEL SANTOS SBN#72513** to provide Petitioner ineffecti
assistance of counsel while failing to request forthe trial
judge, that Petitioner participate in the U.S.,and the State of
California competency hearing Due process procedural requirements
Per. to 18 U.S.C 4142 et.,seq. the State of California P.C.,
Sec.§1367/1368 et.,seq., while depriving Petitioner of his adequate
Sixth Amendment Constitutional right to effective assistance of
Counsel.
        Petitioner contend prior to trial he informed Mr.Santos
of his history in San Francisco County Jail mental health crisis
bed(s) participation, and his history of being addicted to
methamphataamine, in fact during trial the Prosecuting attorney
witnesses Dmitri Braud, and LAFAYETTER THOMAS both testified to
Petitioner "daily" drug abuse of methamphatamine.
        Petitioner contend such awareness of Petitioner
incompetency by Mr.Santos should have been enough for Mr.Santos
to alert the trial court to make an evenmore inquiry into
Petitioner's history of being arrested in the "1999" drug
possession arrest, while being prescribed to the San francisco
County jail mental health crisis bed, due to Petitioner addiction
to methamphetamine(s), **which the witness** for the prosecution
testified in details on how such drug use was abused by Petitioner
which lead to such ongoing addiction, such addiction has been
described in open court, which the **witnessesdetaileaccounts** stated,

so excessively that the substance abuse affected Petitioner's skin and Petitioner had alot of visible acne on his face"; (See Rptr.1493-1603).

Mr.Santos was aware of the information that on February 4,2006, after "Petitioner and Mr.Braud left fennell's house and went to Ney Street to get drugs from      Guiterrez around 10:00 p.m.(See Rptr.13,pp.1581-1584).

Mr.Braud also told the police and stated that the Petitioner "seemed"kindaof spooked" and scared of about going to prison",(See Rptr.14,pp.1604-1607.) do to Petitioner belief of such ongoing drug abuse his mental illness was curtailed by Petitioner daily substanceabuse.

The Deputy District Attorney Linda Allen whom prosecuted the present offense presented a motion to the trial court requesting amongs other things;]

1. Petitioner be forced into solitary confinement?

2. Petitioner be prevented from photographs of family,and friends (which kept Petitioner in a sane place of mental thought)?

Such motion was granted by the trial Judge , which clearly disrupted Petitioner mental health treatment while housed in the County jail.

Which isolated Petitioner in the county Jail Administration Segregation(Ad-Seg), such acts did more but add to Petitioner ongoing mental health suffering of mental deteorating causing Petitioner severe,emotional strain,Mr.Santos did file a motion to the trial Court expressing his concerns of the mental strain such placement of Petitioner in Ad-Seg.

According to Mr.Santos motion which stated in part; "the order contain severe restrictions,defendant has in effect been placed in solitary confinement deprived even of reading materials and family photoS"(See page 5),"Defendant has been incarcerated in SanFrancisco County jail for the past fourteen months because all of defendant's legal papers were seized during the search,defendant is being denied his opportunity to assist his attorney in preparing for his current homocide trial-(See page 6),This emotional strain has created an additional strainion defendant's relationship with his attorney's ability to prepare for trial",(See page 7), the motion was dated,signed, and submitted to the trial Judge November 5,2007 (See exh."A").

Petitioner contend do to such mental impairment from substance abuse,prior to the present offense,which accompanied by such witnessing of "mental strain,severe restrictions,being place in solitary confinement while in Ad-Seg,suffering evenmore emotional strain,and additional mental strain,creating such hardship depriving Petitioner from ability to assist his defense counsel from preparing for a defense in the up and coming trial."

Which clearly

1. Prior to February 3,2006,and February 4,2006, Petitioner frequent substance abuse as a minor impaired his thought process.

2. Petitioner mental health treatment while in the county jail was disrupted by the courts by being forced into solitary confinement (Ad-Seg).

3. Such mental illness has been observed by Defense Counsel by way of the November 5,2007, motion (See exh."A").

## TRIAL COUNSEL'S FAILURE TO INVESTIGATE

## AN INCOMPETENT DEFENSE DEPRIVE

## PETITIONER OF A FAIR TRIAL.

It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is competent to statnd trial.(Drope v.Missouri(19 420 U.S.162, 95 S.Ct. 896, 43 L.Ed.2d.103; Pate v.Robinson(1966),383 U.S. 375, 86 S.Ct.836, 15 L.Ed.2d.815)

In Zapata v.Estelle(1979),588 F.2d 1017 that court ordered,"the touchstone for competency to stand trial is:whether (defendant) has sufficient present ability to consult with his lawyer with reasonable degree of rational understanding and whether he has rational as well as factual understanding of the proceedings against him, even when a bona fide doubt of competency is not raised at trial,the defendant can still contest his competence to stand trial,Pate dictates a nun pro tunc competency hearing if a meaningful inquiry into the defendant's competence can still be had if one cannot,the defendant must be retried if found competent or released See Drope v.Missouri(1975), 420 U.S.1162,183,95 S.Ct.896,43 L.Ed.2d 103, Pate v.Robinson 383 U.S. at 386-87,86 S.Ct.836,15 L.Ed.2d 815; Martin v.Estelle(1977) 546 F.2d 177,180,431 U.S.971,97 S.Ct.2935, 53 L.Ed.2d 1069

"even when a bona fide doubt of competency is not raised at trial the defendant can still contest his competence to stand trial through post-conviction relief". See Vatthaniel v.Estelle(1977), 493 F.2d at 795,"and can obtain a nun pro tunc competency hearing upon proving a "substantial doubt" about his competency Nathaniel v.Estelle(1977),493 F.2d 798,"when the competency is raised on post-conviction relief,however,the defendant is not entitled to a determination of whether a meaningful hearing can be held,Bruce v.Estelle(1975).536 F.2d 1051,1056 n.2,429 U.S. 1053,97 S.Ct.767,50 L.Ed.2d 770(1977): Nathaniel v.Estelle,493 F.2d at 798 n.6 "The ostensible reason for this difference is that in cases of Pate violations the state is itself responsible, at least in part,for the absence of a competency hearing at a time when one could meaningfully have been held Consequently the state should bear some responsibility for whatever difficulties the defendant may encounter in proving prior incompetency".

In the present case,Petitioner trial counsel(Mr.Santos) failed to do any pre-trial investigation, and request the court for a competency hearing under Calif. Penal Code Section §1368, on the grounds that he was unsure whether Petitioner had the ability to participate in the criminal proceedings against Petitioner.

Under California Law,"a person cannot be tried or adjudged to punishment while such person is mentally incompetent" (Cal.Penal Code Section 1367) A defendant is mentally incompetent "if as a result of mental disorder or developmental disability, the defendant is unable to undestand the nature of the criminal proceedings or to assist counsel in the conduct of a defense".

Here, in the case at bar, Petitioner meet the established criteria of such requirements;

1. Petitioner substance abuse of the drug methamphetamine abuse as a youth forces Petitioner to be mentally incompetent.

2. Petitioner substance abuse, along with being forced in the county jail makes Petitioner unable to understand the nature of the criminal proceedings, as well as unable to assist his defense Counsel in conduct of a defense.

3. Defendse November 5,2007, motion to the trial Judge clearly clearly establish such unability of Petitioner to assist his defense,as well as confirms Petitioner contentions that "he was unable to assist his attorney in conducting a defense".

Petitioner contend prior to trial the defense Counsel submitted it's motion to, RESCIND THE order forcing Petitioner

in solitary confinement" defense Counsel Mr.Santos stated what he witnes & experience by such motion, and order by the trial prosecutor,and trial Judge,which cause Petitioner mental illness;

1. Petitioner's severe mental,emotional hardship,restricting Petitioner of any form of adequate mental health treatment.

2. Petitioner's severe mental emotional,hardship strain prevented Petitioner from assisting Mr.Santos in the conduct of defense, (See exh."A")

3. The fact that Mr.Braud testified in open court participating in/or witnessing Petitioner frequent daily substance of abuse of methamphetamine ,such testimony of Mr.Braud is overwhelming evidence establishing Petitioner's incompetency,and mental impairment prior February 3,2006, and February 4,2006.

Petitioner contend such overwhelming evidence establishing Petitioner incompetency should have been more then enough for Mr.Santos to request to the court the manadated competency hearing, therefore trial Counsel's gross neglect of his basic duty,failed to conduct the requisite factual and legal investigation in an effort to develop fundemental defense available for petitioner and as a result of trial counsel's neglect, crucial defenses were withdrawn from the case.

The Sixth Amendment right to counsel is "so fundamental and essential to a fair trial; and so,to due process of law, that it is made obligatory upon the States by the Fourteenth Amendment" (Gideon v.Wainwright(1963),372 U.S. 335, 340, 9 L.Ed.-2d. 799, 83 S.Ct. 792 quoting Betts v.Brady(1942), 316 U.S. 455, 465, 86 L.Ed. 1595, 62 S.Ct. 1252; see also Powell v.Alabama(1932 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct.55) Gideon rested on the "obvious truth" that lawyers are "necessities, not luxuries" in our adversarial system of criminal justice.(Gideon,supra, 372 U.S. at 344.)

The standards set by the legal profession have compelling weigh in context of Sixth Amendment analysis for ineffective counsel claim.(Strickland v.Washington(1984), 466 U.S. 668,688-9; Wiggins v.Smith(2003),123, S.Ct. 2527, 2534-2539 [part IIA and IIB (1) citing ABA standards as "guides to determining what is reasonable"])."The very premises of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free.

(herring v.New York(1976), 442 U.S. 753, 862, 45 L.Ed.2d. 593, 95 S.Ct. 2550.)

A defendant's liberty depends on his ability to present his case in the face of "the intrisics of the law and the at advocacy of the public prosecutor."

In People v.Pope(1979), 23 Cal. 3d 412, 152 Cal.Rptr. 732, 590 P.2d 859; that Court ordered,"To render reasonably competent assistance, an attorney in a criminal case must perform certain basic duties(See generally ABA Projection Standards for criminal Justice, Stds.Relating to the Prosecution, to render reasonably competent assistance, an attorney bears certain basic responsibilities, including circvestigation of available defenseseand in an appropriate case, the obtaining of a psychiatrc examination.(Id.,at pp.424-425, 152 Cal.Rptr. 732, 590 B.2d 859.) where the record on its face discloses that Counsel failed to investigate the facts in the manner required of a diligent and conscientious advocate, the conviction must be reversed because defendant thereby has been deprived of adequate assistance of counsel." Pope further alleged in his Petition his,"trial counsel representation was inadequate because she failed to use significant evidence of his mental deficiency under Penal Code 1369."

People v.Vest(1974),43 Cal. App. 3d 728, 736[118 Cal.Rptr. 84].) criminal defenses attorrey have a "duty to investigate carefully all defendses of fact and law that may be available to the defendant...."(In re Williams,supra, 1 Cal.3d at p. 175.) This obligation includes conferring with the vlient "without undue delay and as often as necessary...Counsel should also be concerned with the accused's right to be released from custody, pending trial, psychiatric examination of for the suppression of evidence[F ns.omitted]"(United States v.DeCoster, supra, 487 F.2d at p.1203; People v.Whittington(1977), 74 Cal. App. 3d 806, 818-819, fn.6[141 Cal. Rptr. 742]) (5)"If counsel's failure to perform these obligations results in the withdrawal of a crucial or potentially meritorious defense" The defendant has not had the defense inwhich he is entitled to.

States v.Ash(1973), 413 U.S. 300, 309, 37 L.Ed. 619, 93 S.Ct. 2568.)

The U.S.Supreme Court in McMannon v.Richardson(1970), 397 U.S. 759, 771 n.14, 25 L.Ed. 2d. 763, 90 S.Ct. noted that "it has long been recognized that the right to counsel is the effective assistance of counsel." "That a person who happens to be a lawyer is present at trial alongside the accused, however is not enough to satisfy the constitutional command...An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair" (Strickland v.Washington,supra, 466 U.S. at 685.)

The right to effective assistance of counsel is guaranteed by the Six and Fourteenth Amendment.(Powell v.Alabama, supra,)466 U.S.

The burden of proving a claim of ineffective assistance is on the petitioner.(Strickland v.Washington,supra,states the two pronged test.) The first prong is to demonstrate that counsel's resentation fell below an objective standard of reasonableness. It involves identifying the acts or omissions of counsel that were not result of reasonable professional judgement. It must be shown that the acts or omissions were outside the range of professionaly competent counsel.(Strickland, supra,466 U.S. at 690.)

The second prong of the test is prejudice. the error must be so serious as to raise a reasonable probability that the sufficient to undermine the confidence in the outcome.(Strickland supra, 466 U.S. at 690.) Once it has been shown that trial counsel acted or failed to act in the manner expected of a reasonably competent counsel and that counsel's acts resulted in the withdrawal of a potentially meritorious defense, the court will look to the record to see if there is an explanation for the challenged aspect of representation (People v.Diggs(1986), 177 Cal. App. 3d. 958, 969-970) A showing of a single inexcusable error for which there could be no need for a writ People v.Nation (1980), 26 Cal.3d. 169.) In the

In the instant case Petitioner has satisfied such prongs in many aspects:

1. Defense Counsel Mr.Santos failed to request a psychiatric examination of Petitioner for the purpose of exploring Petitioner's mental condition(See Evidence Code §1017.) he failed to consult any expert to determine whether the drugs ingested by Petitioner either as to their nature or quantity, might have resulted in a diminished capacity to commit criminal acts.(See §987.9)

2. The appointment of a psychologist or psychiatrist to investigate and assist counsel in the presentation of such defense.

Petitioner contend a competent trial attorney would have investigated and requested a competency hearing for their client to determined whethether their client was competent to stand trial. Such establiment of ineffective assistance of counsel by Mr.Santos intthepresent case requires reversal.

///
//
/

<u>PROSECUTOR LINDA ALLEN SUBJECTED
PETITIONER TO A UNRELIABLE,TAINTED
IDENTIFICATION PROCEDURE DURING
THE TRIAL PROCEEDINGS.</u>

Petitioner contend his Fourteenth Amendment to an adequate identification procedure have been violated by the prosecuting attorney Linda Allen during courtroom proceedings Prosecutor Allen stood behind Petitioner for such unreliable, tainted identification purposes of Petitioner by her witness, whom prior to trial.

The prosecutor witness Christina Medina did not identify Petitioner as the shooter of Mr.F... Guiterres according to the witness, Ms.Medina stated,"I did not see the shooter while he was in the car(See Rptr.1,pp.4,19-20.), Petition then entered the courtroom and sat at defense Counsel table, then the witness had been asked,"do you see the individual who shot Mr.Guiterrez?" Medina then replied "yes I believe so, but when asked to point to him for the record she at fist shook her head:"no", then she pointed to Petitioner(See Rptr.30-31.)

The witness was further mislead,coerce by the Prosecutor at trial to identify Petitioner as the shooter of the victim in the present case by the prosecutor standing behind Petitioner during direct examination, and stated,"Ms.Medina, I'm standing behind an african American man, here in the courtroom is this who you are referring to ?"

In Manson v. Brathwaite(1977), 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. 2d 140 has viewed, and ordered such unreliable procedure displayed by Ms.Allen unconstitutional, when that Court ordered,"extrajudicial identification admitted at trial is so unreliable as to violate a criminal defendant's right to due-process of law under the Fourteenth Amendment is governed by principles stated, the issue of constitutional reliability de depends on (1) whether the identification procedure was unduly suggestive and unnecessary, and if so (2) whether the identification itself was nevertheless reliable under the totality of the circumstances , taking into account such factors as the opportunity of the witness to view the criminal at the time of

the crime, the witness degree of attention, the accuracy of his
prior description of the criminal, the level of certainty
demonstrated at the confrontation, and the time between the
time between the crime and the confrontation if, and only if,
the answer to the first question is yes and the answer to the
second is no is the identification constitutionally unreliable?"
Here in the instant case the record reveal such
unconstitutional unreliability of Ms.Medina identifying Petitioner
as the shooter of Mr.Guiterrez in many levels;

1. Ms.Medina admission that she,"didn't really look at him(See-
   Rptr.248-293).

2. Ms.Medina admission,"she did not see the shooter while he was
   in the back seat in the car"(See Rptr.1,pp.4,19-20.)

3. Petitioner was the only african american whom enter the
   courtroom while Ms.Medina was testifying, to sit next to
   his defense counsel Mr.Santos.

4. Ms.Allen misconduct of standing behind Petitioner then asking
   her witness,"(Petitioner),Ms.Medina, I'm standing behind
   an african american man, here in the courtroom is this who you
   are referring to?" such misleading, coercive of Ms.Allen to to
   manipulate the witness to identify Petitioner.

Petitioner contend such impermissebly,suggestive,
extrajudicial, tainted identification of Petitioner by the
Prosecutor witness is clearly a violation of Petitioner
right to due process, prosecutorial misconduct, as well
a constitutional unreliable identification of Petitioner as
the shooter of the victim , which require reversal of the
Present conviction.
///
//
/

**CLAIM THREE/SUPPORTING FACT CONT;**

THE TRIAL COURT ERRRED PREJUDICIALLY BY FAILING TO FILEJON IT'S OWN MOTION A COMPETENCY HEARING PURSUANT TO THE UNITED STATED OF AMERICA'S FEDERAL CODE 18 U.S.C.§4142 ET.,SEO.,CALIFORNIA PENAL CODE SECTION §1367/1368 ET.,SEO TO DETERMINE WHETHER PETITIONER'S WAS COMPETENT TO STAND TRIAL, A DIRECT VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S.- CONSTITUTION.

Petitioner contend Upon Superior Court Judge **CYNTHIA LEE** beiong made aware by Defense Counsel Mr.Santos of his doubt of Petitioner competency to stand trial, Judge Lee excluded Petitioner from participating in his mandatory due-process right to an adequate competency hearing by being tried, convicted, and sentence while being incompetent, which is a direct violation of the United States Due process, under Pate v.Robinson(1966),383 U.S. 375, 377 86 S.Ct. 836, 15 L.Ed. 2d 815(pate), and the United States of America's policy "Americans with Disability Act"(ADA),42 U.S.C. §12131,12132, 1234 et.,seq.1990.

Petitioner contend prior to trial he "demanded a fair trial" inwhich a different judge filed upon it's own motion and granted an order for Petitioner participqnt into a fair trial, Petitioner then found himself being subjected to the abuse of discretion by the State Judge Lee, even after being informed, and made aware of Petitioner's mental impairment of substance abuse, prior to the February 3,2006, and February 4,200

Petitioner contend he filed before the State Court a habeas Petition on the above matter, and the San francisco Superior Court appellate division responded claiming "because Petitioner harbored a doubt as to Petitioner competency before the Court does not render Petitioner attorney ineffective assistance of counsel"(See attach 6-29-2010,State Superior Ccourt,Cal.Supreme Court order)Petitioner contend because Judge Lee has been made aware of Petitioner incompetency through Mr.Santos does deserve an evenmore inquiry into Petitioner incompetency to stand trial, Judge Lee disregarded Petitioner's trial attorney November 5,2005 motion reporting his witnessing,Petitioner's severe, emotional, hardship strain of mental illness, and took it upon her self to disregard Petitioner;'s disability,while abusing her discretion according to DeKaplany v.Enomoto(1976),540 F.2d 975, U.S. App. statescthe "Pate" CASE STATing "Under the rule of Pate v.Robinson (1966),383 U.S. 375, 86 S.Ct. 836, 15 1.Ed. 2d 815[HN5]½a due process evidentiary hearing is constitutionally compelled at any tvime that there is 'substantial

evidence' that the defendant may be mentally incompetent to stand trial."Substantial evidence' is a term of art.'Evidence⁴ encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court Evidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial 2Once there is such evidence from any source, there is such evidence from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence The function of the trial court in applying Pate's substantial evidence test is any evidence which, assuming its truth ultimate issue: Is the defendant competent to stand trial? It sole function is to decide whether there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competency At any time that such evidence appears, the trial court sua sponte must order an evidentiary hearing on the competency issue It is only after the evidentiary hearing,applying the usual rules appropriate to trial,that the court decides the issue of competency of the defendant to stand trial".

Here in the present case Judge Lee had substantial, overwhelning evidence of Petitioner's "daily abuse of the substance methamphetamine", which was enough for the trial Judge to order such competency hearing to determine Petitioner competency to stand trial.

In Hansford s.U.S.(C.A.D.C.1966), 365 F.2d 920, ordered,"that court ordered,We&the Judges), also believe that competency hearing is constitutionally reuired, if it appears that a defendant may be suffering from withdrawal symptoms during trial withdrawal is a recognized medical illness its effects typically include various physical reactions such as Perspiration, waves of gooseflesh, muscle twitch, body aches, hot and 924[124 U.S. App.- D.C. 391] coldflashes, restless, sleepless, nausea, vomitting and diarrhea the subject is in extreme physical misery he may try to withdraw within himself or may exhibit highly individualized patterns of anxious and irrational behavior, such as becoming

quite antagonistic, threatening suicide, assuming bizarre postures, or exaggerating his distress in dramatic ways often as a ppurposive attempt to obtain drugs these physical and Psychological symptoms of withdrawal could ve ry well rendert a defendant incompetent to stand trial[trial courts failure to co conduct, sua spnte, an inquiry into his competenct denied appellant a 'fair trial']"

Here in the present case Judge Lee had before her several key pieces of information/or evidence to warrant her to x file a motion to order the manadatory competency hearing;

1. Mr.Braud testify prior to February 3,2006, and February 4,2006 Petitioner, "used the drug methaphetamine daily"

2. Prior to trial Petitioner trial counsel Mr.Santos filed a motion with Judge Lee describing the "mental,emotional,severe, hardship strain" placed on Petitioner by such acts of the Prosecutor and court forcing Petitioner in the county jail solitary confinement.

Such information, evidence(substantial) to warrant such competency hearing..

## AMERICA'S POLICY

Title II OF AMERICANS WITH DISABILITY Act (ADA) Public policy means,"INVOLVES a purposeful course of action that is based on law and therefore backed-up by powers of government"

There are 37 million People with some some form of disability in the United States thisnumber includes the deaf, blind, physically, and mentally handicapped, and those with various learning disabilities.

The U.S. Supreme Court in (1873), ruled that the Fourteenth Amendments "privileges and immunities", the court maintained this stance well onto the Twentieth Century, when it began to apply national standards to statesactions under two other clauses of the Fourteenth Amendment; the due process which stipulates that,"no state may deprive a person of life, liberty, or property without due process of law, and the equal protection which manadates that,"no state may deny any person equal protection of the laws, over the yesars the Chief Justices have applied the entire Bill of Rights to the States by means of the Fourteenth Amendments due process and equal protection clauses.

Administering criminal Justice is left primarily with the states, there is an important federal role in enforcing constitutional guarantees in criminal justce the U.S.Supreme Court determine the specifics of constitutional standards of due process and equal protection, unreasonable cruel and unusual punishment.

In civil rights matters the federal-state-local-interation resembles that in criminal justice since the 1920's, federal courts have been establishing constitutional standards for the protection of civil liberties and civil rights. Under Chief Justice Earl Warren, the Supreme Court in the 1960's introduce changes into the due process the court Miranda v.Arizona (1903), states,"all person arrested must be informed of their right to remain silent and their right to legal representation during questioning and must be warned that anything they say be used against them in Court, the Warren Court's decisions on due process went to the very heart of civil liberties doctrine- the need to protect the dignity and humanity of citizens another defense of the court's approach is the argument that the best way to avoid the conviction of an innocent person, is to establish strict procedural rules governing arrest, interrogation, and trial

The Civil Rights Act of 1964 and subsequent congresional legislation have provided statutory protection for civil rights But the enforcement of both States and federal civil right laws In the three decades following 1937 the court moved to guarantee civil rights and civil liberties for all the deinstitutionalization of the mentally ill, which began in the late 1960's was regarded at first as a positive step the idea however has in many ways failed on the practical level, because large numbers of the mentally ill have ended up homeless, living uncared for in the streets.

Untile the 1970's they were rarely a factor in the minds of the people who shape public policy and were more likely to be objects of pity or aversion than active participants in determining their own fates but a combination of grassroots activism and federal legislation has moved the rights of the

disabled to central position on the public agenda at the national, state, and local levels. Such policy, the Americans with Disabilies Act of 1990 similarly represents a dramatic new commitment to providing access to social and economic participation for all Americans signing the Act on the South Lawn of the White House, President Bush called the law- "a declaration of independence" for the disabled Americans.

Under the Americans with Disabilities Act a federal statute that prohibits discrimination against people with disabilities, the Due process clause of the 14th Amendment of the U.S.Constitution, the ADA was enacted on July 26, 1990, the ADA prohibits discrimination against qualified people with disabilities, Specifically, Title II, of the ADA prohibits discrimination by "public entity" in the provision of all "service programs, and activities", at the time ADA was enacted,-ther Department of Justice published an ADA  handbook, which contained the test of the Act and other relevant information.

Title II of the ADA provides that "no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"-42 U,S.C,§12131.

By no later thannJuly 26, 1992, public entities were required to complete an evaluation of its services, polocies, and practices, and the effects thereof on persons with disabilities and to make any modification necessary to ensure that the requirements of Title II are met 28 C.F.R.§35.105.

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.  ☐ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result _____    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:  (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a. Result _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _____

   _____

   _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. July 1, 2005)              PETITION FOR WRIT OF HABEAS CORPUS                    Page five of six

JEFF ADACHI
Public Defender
City and County of San Francisco
TERESA CAFFESE
Chief Attorney
MEL SANTOS
Deputy Public Defender
State Bar No. 72513
555 Seventh Street
San Francisco, CA 94103
(415) 553-9651; (415) 553-1671
Attorneys for Defendant

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                Plaintiff,<br>        vs.<br><br>Demora Henderson,<br><br>                Defendant. | MCN: 2280161<br>SCN: 220649<br><br>DATE: October 31, 2007<br>TIME: 9:00 am<br>DEPT.: 22 |

## NOTICE OF MOTION AND MOTION
## TO RESCIND ORDER TERMINATING TELEPHONE PRIVILEGES, MAIL PRIVILEGES; AND PLACEMENT IN ADMINISTRATIVE SEGREGATION.

TO THE DISTRICT ATTORNEY AND TO THE ABOVE-ENTITLED COURT:

Demora Henderson moves the Court to rescind the People's Order Terminating Telephone Privileges, Mail Privileges; and Placement in Administrative Segregation, which was issued on October 24, 2007.

This motion is made upon the declaration of counsel included in this motion.

This motion is also based upon this notice, the records and files in this action, the attached declaration of counsel and memorandum of points and authorities, and such oral and documentary evidence and argument as may be produced at the hearing on said motion.

1

Motion to Continue - PC 1050

DATED:  November 5, 2007

Respectfully submitted,


MEL SANTOS
Deputy Public Defender

2

## STATEMENT OF FACTS

On October 24, 2007 the People presented an Order against defendant Demora Henderson Terminating Telephone Privileges, Mail Privileges, Visitation Privileges; and Placement in Administrative Segregation. (See Exhibit A.) No law was cited within this order. No basis was established for issuing such an order, besides a handwritten sentence stating "It is ordered that Exhibit A be placed and kept under seal until further order of the court."

Defense counsel received no notice for this order. Defense counsel received no documentation of any papers or evidence which might support such an order. The order was requested by the District Attorney who is currently prosecuting defendant in a homicide trial. The order was not presented to the judge presiding over Defendant's trial, which is currently in progress, despite the fact that the presiding judge was available the next day, October 25. Two evidentiary motions in limine have been heard in this trial, including a few days of witness testimony.

## POINTS AND AUTHORITIES AND ARGUMENT

I.    **Defendant is constitutionally entitled to notice, a hearing, evidentiary proof, and an opportunity to respond, none of which existed at the time the order was made.**

No one may be deprived of any substantial interest in the absence of notice, a hearing, and evidentiary proof. The "root requirement" of due process is that an individual is given a meaningful opportunity to be heard before he is deprived of any significant interest.[1] The United States Supreme Court has held that even minor deprivation of rights for a short duration may not be imposed absent rudimentary procedures assuring due process.

In the present instance, defendant was given no notice, no hearing, no access to evidentiary proof, and no opportunity to respond. The order against the defendant imposes a serious deprivation of rights for a possibly lengthy duration: Defendant is completely cut off

---

[1]See *Mullane v. Central Hannover Bank & Trust Co.* (1950) 339 U.S. 306, 313; *Boddie v. Connecticut* (1970) 401 U.S. 371, 379; *Randone v. Appellate Department* (1971) 5 Cal.3d 536, 547.

3

from all human contact and communication except for communication with his attorney "until the trial in this cause is completed." Such a serious deprivation of rights requires rigorous adherence to standards of constitutional due process, standards that were not met in issuing the order.

**II. If a hearing is called to determine if such an order should be issued, Defendant is entitled to disclosure of any evidentiary proof prior to the hearing.**

**A. The People are required to disclose to defendant any evidentiary proof relevant to the order under penal Code section 1054.1.**

The People have refused to provide defendant with any discovery of evidence supporting the order. The People have informed defendant that they possess an unsigned letter, which they attribute to defendant, which allegedly shows that defendant has attempted to dissuade a witness. Defendant has been denied access to this letter. Indeed, defendant has no way of knowing to whom this letter was written, which witness it concerns, or even if defendant was indeed the author of this letter. Without an opportunity to view this letter and any other evidence, defendant is denied any meaningful opportunity to respond the People's allegations.

Disclosure of any evidentiary proof relating to the order is also required under Penal Code section 1054.1, as it is relevant to Defendant's homicide trial. The evidentiary proof upon which the People rely fall under two subsections of Penal Code section 1054.1: (b) Statements of all defendants.; and (c) All relevant real evidence seized or obtained as a part of the investigation of the offenses charged.

**B. In the event that the People claim that disclosure of the evidence should be denied for good cause under California Penal Code section 1054.7, Defendant requests that such a showing of good cause be made in camera.**

California Penal Code section 1054.7 states

The disclosures required under this chapter shall be made at least 30 days prior to the trial, unless good cause is shown why a disclosure should be denied, restricted, or

4

deferred.  If the material and information becomes known to, or comes into the possession of, a party within 30 days of trial, disclosure shall be made immediately, unless good cause is shown why a disclosure should be denied restricted, or deferred. "Good cause" is limited to threats or possible danger to the safety of a victim or witness, possible loss or destruction of evidence, or possible compromise of other investigations by law enforcement.

Upon the request of any party, the court may permit a showing of good cause for the denial or regulation of disclosures, or any portion of that showing, to be made in camera.  A verbatim record  shall be made of any such proceeding,...

Should the People claim disclosure should be denied for good case, defendant requests that the People make such a showing of good cause in camera and that a record be made of such proceeding as provided by California Penal Code section 1054.7.

## II.      The order contains severe restrictions and is beyond the scope of an order relating to dissuasion of a victim or witness under California Penal Code section 136.2.

A. The restrictions in the order are overly broad and well beyond the scope of California Penal Code section 136.2.

The order in effect terminates defendant's contact with all persons, including family members, friends, and fellow inmates, with the sole exception of the Sheriff's department and defense counsel.  Defendant has in effect been placed in solitary confinement, deprived even of reading materials and family photos.

Although the people have cited no law or statutory basis for the order, it is presumably based on California Penal Code section 136.2(a)(4).  The relevant part of the statute states:

(a) Except as provided in subdivision (c), upon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur, any court with jurisdiction over a criminal matter may issue orders including, but not limited to, the following:
(1) Any order issued pursuant to *Section 6320 of the Family Code.*
(2) An order that a defendant shall not violate any provision of Section 136.1.
(3) An order that a person before the court other than a defendant, including, but not limited to, a subpoenaed witness or other person entering the courtroom of the court, shall not violate any provisions of Section 136.1
(4) An order that any person described in this section shall have no communication whatsoever with any specified witness or any victim, except through an attorney under any reasonable restrictions that the court may impose.
(5) An order calling for a hearing to determine if an order as described in paragraphs (1) to (4), inclusive, should be issued.

5

Motion to Continue - PC 1050

As the order does not fall under subsection (1), (2), or (3), it presumably falls under subsection (4). However, this subsection only imposes a restriction on communication with the *specified* witness or victim. The People's order in fact poses a restriction on defendant's communication with *anyone*, with the sole exception of defense counsel. While the statute does contain the language, "but no limited to", this does not give the People the authority to create an order against defendant that is completely beyond the scope of what was intended in the statute.

**B. The time frame of the order is overly broad.**

The order states that the restrictions be in effect "until the trial in this cause is completed." It is unclear, first of all, to which trial the People are referring, that of defendant's homicide trial or a possible prosecution based on the subject matter of the order. In either event, such a time frame is over-broad.

**III.    Defendant has been incarcerated for fourteen months in the San Francisco County Jail without any prior incidents or suspicion of dissuasion of a witness.**

Defendant has been incarcerated in the San Francisco County Jail for the past fourteen months as he awaits trial. Until now, he has been housed in the general population. He has received regular visits from family members and friends, makes regular phone calls to family and friends and relies on the emotional support such visits provide for him during this stressful period. Despite the fact that defendant's phone calls and mail have been under surveillance, there have been no previous incidences of defendant attempting to intimidate or dissuade a witness from testifying.

**IV.    The Order works a hardship on the attorney-client relationship.**

Because all of defendant's legal papers were seized during the search, defendant is being denied his opportunity to assist his attorney in preparing for his current homicide trial. Additionally, defendant's contact with other people has been completely cut off with the

6

exception of communication with his attorney.  This emotional strain has created an additional strain on defendant's relationship with his attorney, a relationship which has been previously strained.  (Defendant has previously filed two Marsden motions against his attorney.)  This additional strain is creating a hardship in defendant's attorney's ability to prepare for trial.

DATED:  November 5, 2007

Respectfully submitted,

_____
MEL SANTOS
Deputy Public Defender

7

## DECLARATION OF COUNSEL

I, the undersigned, state:

I am the counsel for defendant Demora Henderson.

I have practice criminal defense for over thirty years.

Last Wednesday, October 24, 2007, the People had granted an Ex Parte Order against Demora Henderson Terminating Telephone Privileges, Mail Privileges, Visitation Privileges; and Placement in Administration Segregation.

It bears emphasis that:

1. This order was not presented to the trial court;

2. The jury trial of this matter has been under way in Department 25 since September 10, 2007;

3. The Order itself was presented without notice or opportunity to respond, is over-broad and works a hardship on the attorney-client relationship.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge, except as to those matters stated upon information and belief, and as to those matters, I declare that I believe them to be true and correct.

Executed on November 5, 2007, at San Francisco, California.


_____
MEL SANTOS
Deputy Public Defender

8

Motion to Continue - PC 1050

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning of these cases: STRICKLAND V.WASHINGTON(1984),466 U.S. 668,668-9, ZAPATA V.ESTELLE(1979),588 F.2d 1017,MANSON V.BRATHWAITE (1977) 432 U.S. 98,97 S.Ct. 2243,53 L.Ed. 2d 140,PATE V.ROBINSON(1966), 383 U.S. 375,883,15 B.Ed. 815,45 L.Ed. 2d 103,THE UNITED STATES POLICY OF THE ADA 42 U.S.C.§12131,12132,12134 et.,seq., DROPE V.MISSOURI(1975),420 U.S 162,183 95 S.Ct. 896,43 L.Ed.2d

Do you have an attorney for this petition?                              Yes_____    No_X_

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on _October 17th, 2010_                    _____
                    Date                                    Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS            - 7 -

## DECLARATION OF DEMORA HENDERSON #G-21923

I Demora Henderson, depose, hereby declare the following

1. That I am currently a prisoner incarcerated at California State Prison-Sacramento(CSP-SAC) Unlawfully, and Illegally.

2. That I have relevant information pertaining to the City of San Francisco, Suprioe Court Officials,and it's ongoing discriminative habits, and practices of subjecting those with disability to cruel & Unusual punishment.

3. That in Case number 200649 I have excluded from participating in the United States of America' policy of American with Disability(the ADA 42 U.S.C.§12131 et.,seq.).

4. That My trial Counsel knew of my substance abuse as a minor and prior to me being charged in the prsent offense my trial Counsel failed to request to the court that I participate in the mandatory Due process proceedings of a competency hearing pursuant to California Penal Code Section §1367/1368.

5. /That the trial prosecutor excluded me from participating in The mandatory Due process requirements of a reliable identification procedure.

6. That the trial Judge Lee excluded me from such competency hearing by her faiure to set aside all courtroom proceedings and filed own her own motion such mandatory,sua sponte hearing after Judge Lee was made aware of my substance abuse as a youth, and prior to the alleged offense.

7. That because my trial Counsel Mel Santos State Bar Number(SBN) 72513, depriving me of effective assistance of counsel, and trial prosecutor Lynda Allen misconduct of submitting on record a unreliable identification procedure, and Judge Lee subjecting me to discrimination of her failure to file on her own motion the mandated competency hearing I have been subjected to an unfair trial ;and cruel & Unusual punishment while unlawfully incarcerated a direct violation of my Eight Amendment Constitutional right.

8. That this Court GRANT the attach writ of mandate, and habeas petition discharging me from such cruel & Unusual punishment?

9. That if called to as a witness to testify to the facts stated with this declaration I will do so.

10. That I am issueing this declaration of my own free will.

I swear under the penalty of perjury that the content declared herein are true and correct under the law of California. Executed this_____day of July,2010.

/S/ ~~Demora Henderson~~ #G21923
Demora Henderson #G-21923
Declarant

# EXHIBIT COVER PAGE:

Description of this Exhibit:                      Exhibit

Complaints about that complaint and a copy of
said complaint and is prohibited among Correctional
Officers.

Number of pages to this Exhibit:____4_____pages.

# JURISDICTION: (Check only One)

State Personal Board

☐ **Municipal Court**
☐ **Superior Court**
☐ **Appellate Court**
☐ **State Supreme Court**
☐ **United States District Court**
☐ **State Circuit Court**
☐ **United States Surpeme Court**
☐ **Grand Jury**

# IN THE SUPERIOR COURT
## OF THE CITY AND COUNTY OF SAN FRANCISCO

### NO: 6099

### CERTIFICATION OF SERVICE BY MAIL

I, THE UNDERSIGNED, CERTIFY: THAT I AM A DEPUTY CLERK OF THE SUPERIOR COURT IN THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, AND NOT A PARTY TO THE WITHIN CAUSE; THAT ON THIS DATE I SERVED A TRUE COPY OF THE DOCUMENT AFFIXED HERETO BY DEPOSITING A COPY THEREOF, ENCLOSED IN A SEPARATE ENVELOPE, POSTAGE PREPAID, IN THE UNITED STATES MAIL, ADDRESSED TO THE PETITIONER AT THEIR ADDRESS AS SHOWN ON THE DOCUMENT(S).

**Writ of Habeas Corpus**

```
Demora Henderson, G-21923
C.S.P.Sacramento(NEW-FOLSOM)
P.O.BOX 290066
Represa, CA 95671-0066
```

EXECUTED AT SAN FRANCISCO, CALIFORNIA ON JULY 23, 2010

BY _____ DEPUTY CLERK, SUPERIOR COURT

Fausto J Howay

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 2 3 2010

CLERK OF THE COURT
BY:_____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
Department No. 22

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION  ) <br> OF  ) <br> ) <br> ) <br> Demora HENDERSON  ) <br> Petitioner,  ) <br> ) <br> FOR A WRIT HABEAS CORPUS  ) <br> ) | WRIT NUMBER 6099 <br><br> ORDER |

A petition for writ of habeas corpus has been received.

Demora Henderson ("Petitioner") petitions for a writ of habeas corpus. He appears to raise two possible grounds for relief. First, petitioner argues the trial court's failure to *sua sponte* conduct a competency hearing denied defendant a fair trial. Second, he argues his counsel was ineffective because he failed to request a competency hearing for defendant. Contained within that argument, petitioner also challenges the in court identification, arguing that the prosecutor was unconstitutionally suggestive.

Petitioner provides he was convicted on February 21, 2008 to one count first degree murder (Penal Code § 187) with an enhancement for use of a firearm (Penal Code § 12022.53(d).

1

## I.    Factual Background Information

Petitioner does not provide evidence of a mental defect or disorder that would render him incompetent. Instead, Petitioner provides he used methamphetamine daily, as was provided by the testimony of witnesses at his trial.  (Petition for Writ of Habeas Corpus p. 1) He then states that his daily methamphetamine use resulted in visible acne.  This substance abuse, he provides, curtailed his mental illness and therefore his sobriety because of his incarceration further renders him incompetent.  (Petition p. 2)

## II.    Petitioner Must Provide Substantial Evidence of Incompetency to Trigger the Statutory or Constitutional Inquiry into Accused's Competency

Penal Code § 1367 provides "a person cannot be tried or adjudged to punishment while that person is mentally incompetent."  The court has a *sua sponte* duty to conduct a competency hearing when the court declares a doubt as to the competence of the accused.  (Penal Code § 1368; *People v. Stankewitz* (1982) 32 Cal.3d 80, 92; *People v. Garcia* (2008) 159 Cal.App.4th 163, 172).  Due process also requires a competency hearing when the accused presents substantial evidence of incompetence.  (*People v. Pennington* (1967) 66 Cal.2d 508; *Pate v. Robinson* (1966) 383 U.S. 375).  Further, when an attorney has doubts as to the competency of his client, but those doubts are

2

not supported by medical reports or substantial evidence, counsel is not ineffective for failing to request an evidentiary hearing regarding his client's competency. (*Garcia, supra,* 159 Cal.App.4th at 172 citing *People v. Hill* (1967) 67 Cal.2d 105).

### a. Court's *Sua Sponte* Duty to Request Competency Hearing under Penal Code § 1368

Penal Code § 1368 requires the court to conduct a competency hearing when it declares a doubt as to the competency of the defendant. (*Garcia, supra,* 159 Cal.App.4th at 170). Declaration of counsel of a doubt, alone, is not sufficient to trigger the statutory right to a competency hearing. (*Ibid.*) If a doubt arises in the mind of the judge regarding defendant's competency, and the judge inquires regarding this doubt and counsel agrees, the judge shall order a competency hearing. (*Ibid.* quoting *People v. Wade* (1959) 53 Cal.2d 322, 336 disapproved on other grounds in *People v. Carpenter* (1997) 15 Cal.4th 312).

Petitioner does not indicate the court in any way questioned petitioner's competency to stand trial. Therefore, the court was under no statutory obligation to inquire into petitioner's competency.

### b. Due Process Requires a Competency Hearing when Faced With Substantial Evidence of Incompetence

3

Due process also requires the court to order a competency hearing when faced with substantial evidence of defendant's incompetence. (*People v. Lawley* (2002) 27 Cal.4th 102, 136). The opinion of counsel alone does not constitute substantial evidence. (*Garcia, supra*, 159 Cal.App.4th at 170). The substantial evidence test is satisfied, for the purposes of a due process analysis,

> If psychiatrist or qualified psychologist, who has had sufficient opportunity to examine the accused, states under oath with particularity that in his professional opinion the accused is, because of mental illness, incapable of understanding the purpose or nature of the criminal proceedings being taken against him or is incapable of assisting in his defense or cooperating with counsel, the substantial evidence test is satisfied.

(*Pennington , supra*, 66 Cal.2d at 519).

Evidence is "substantial" if it raises a reasonable doubt about the defendant's competence to stand trial. (*People v. Danielson* (1992) 3 Cal.4th 691, 726 overruled on other grounds as stated in *Price v. Superior Court* (2001) 25 Cal.4th 1046). Under the applicable substantial evidence test, "more is required to raise a doubt than mere bizarre actions or bizarre statements or statements of defense counsel that defendant is incapable of cooperating in his defense or psychiatric testimony that defendant is immature, dangerous, psychopathic, or homicidal or such diagnosis with little reference to defendant's

4

ability to assist in his own defense." (*People v. Laudermilk* (1967) 67 Cal.2d 272, 285; see also *People v. Davis* (1995) 10 Cal.4th 463, 527)

It appears petitioner is arguing drug dementia as a result of his years of daily methamphetamine usage.  The court has found drug dementia, as a result of years of poly substance abuse without an elaboration by a qualified expert who has examined the accused falls "far short" of the requirements of. substantial evidence.  (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1111 citing *Stankewitz*, *supra*, 32 Cal.3d at 92; *Pennington*, *supra*, 66 Cal.2d at 519).

## III. Ineffective Assistance of Counsel

"The appropriate means of raising a claim of ineffective assistance of counsel is either by direct appeal or by petition for a writ of habeas corpus." *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.  In order to succeed on a claim of ineffective assistance of counsel, Petitioner must demonstrate both that (1) counsel's representation was inadequate under prevailing professional norms, and (2) there is a reasonable probability that the result would have been more favorable absent counsel's deficiencies. (*Strickland v. Washington* (1984) 466 U.S. 668, 694; *People v. Marquez* (1992) 1 Cal.4th 553, 574-75.) It is Petitioner's burden to plead and then later to prove

by a preponderance of the evidence that he is entitled to relief. (*In re Johnson* (1998) 18 Cal.4th. 447, 460.)

### a. Petitioner's Competency

Where an attorney harbors doubt as to the competence of his client, but those doubts are not supported by medical reports or substantial evidence, the attorney does not render ineffective assistance of counsel by failing to request a competency hearing. (*Garcia, supra*, 159 Cal.App.4th 163).

Petitioner has failed to provide any information, medical reports or any evidence, which would have required counsel to inquire as to petitioner's competency. He indicates that counsel was aware of his daily drug habit; however, there is nothing shown that would have required counsel, under prevailing professional norms to inquire into his competency. As such, petitioner's argument fails on the first prong of the *Strickland* analysis.

### b. Petitioner's Identification Argument

Petitioner references an unduly suggestive identification during his trial. The petitioner bears the burden of showing that the unfairness of an identification was a "demonstrable reality, not just speculation." (*People v. DeSantis* (1992) 2 Cal.4th 1198, 1222 [quoting *People v. Perkins* (1986) 184 Cal.App.3d 583, 589].) The identification is invalid if and

6

only if the procedure was unduly suggestive *and* the identification itself was unreliable. (*Ibid.*)

Petitioner fails to provide evidence that would indicate that the in-court identification by Christina Medina was unduly suggestive. There is insufficient evidence provided for this court to determine what about the identification was unduly suggestive and whether other evidence elicited at trial from this witness indicates its trustworthiness.

Additionally, petitioner does not indicate his attorney's actions as a result of this in-court identification. As it is petitioner's burden to put forth evidence to support determining his counsel ineffective, petitioner fails to establish what conduct, if any, by his counsel did not conform with prevailing professional norms. Therefore, this argument fails at the first prong of the *Strickland* test.

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

6/29/2010
Date

_____
Judge of the Superior Court

7

S185307

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

DEMORA HENDERSON, Petitioner,

v.

COURT OF APPEAL, FIRST APPELLATE DISTRICT, DIVISION THREE, et al.,
Respondents;

THE PEOPLE, Real Party in Interest.

---

The application for stay and petition for writ of mandate/prohibition are denied.

SUPREME COURT
**FILED**

SEP - 1 2010

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
*Chief Justice*

S185363

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re DEMORA HENDERSON on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

SEP −1 2010

Frederick K. Ohlrich Clerk

_____
Deputy

_____
**GEORGE**

_Chief Justice_

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, ___DEMORA HENDERSON___, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

DEMORA HENDERSON
CSP-SAC
P.O. BOX 290066
REPRESA, CALIFORNIA 95671

On, _October 12th, 2010_, I served the following documents:

HABEAS PETITION L.R.2254 ET.,SEQ.

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. OFFICE OF THE CLERK,U.S.        2. _____
   DISTRICT COURT NORTHERN
   DISTRICT OF CALIFORNIA,450
   GOLDEN GATE AVENUE,SAN FRAN
   CISCO,CALIFORNIA 94102

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _12th_ day of _October_, _2010_, at California State Prison - Sacramento, Represa, California.

(Signature) _Demora Henderson #G21923_